UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES C. HOGAN, | Case No.: 3:23-cv-00515-MMD-CSD |
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | |
| BRIAN OLVERA, JORDAN TAYLOR, | Re: ECF No. 13 |
| Defendants | |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Defendants have filed a motion to dismiss this action as a result of Plaintiff's failure to update his contact information. (ECF No. 13.)

For the reasons set forth below, the court recommends granting the motion for dismissal of this action without prejudice as a result of Plaintiff's failure to update his contact information and failure to prosecute this action.

**I. BACKGROUND**

When Plaintiff filed this action, he was an inmate in custody of the Elko County Jail. He was granted authority to proceed *in forma pauperis* and the court screened his pro se complaint and allowed him to proceed with his Fourth Amendment excessive force claim against defendants Olvera and Taylor, whom he alleges are both officers with the Elko Police Department. (ECF No. 4.) Defendants filed their answer (ECF No. 9) and the court set a mandatory case management conference for April 24, 2024. (ECF No. 12.)

The order setting the case management conference and requirements to submit a case management conference statement was returned as undeliverable. (ECF No. 17.)

Defense counsel reached out to the Elko County Sheriff's Office by email to request that Plaintiff be made available for the hearing telephonically, but counsel learned that Plaintiff had been released from the Elko County Detention Center. (ECF Nos. 13, 13-1.) Defendants now seek dismissal of this action as a result of Plaintiff's failure to update his contact information with the court. (*Id.*)

The court issued an order that Plaintiff file a notice of change of address with the court no later than April 26, 2024, and to contact the courtroom deputy to discuss logistics for a case management conference set for May 1, 2024. (ECF No. 14.)

Defendants filed their case management report on April 23, 2024. (ECF No. 16.)

Nothing was filed by Plaintiff, and Plaintiff has not filed a notice of change of address.

The court held a case management conference on May 1, 2024. Counsel for Defendants appeared. Plaintiff failed to appear for the case management conference.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b).

Local Rule IA 3-1 requires a party to immediately file with the court a written notification of any change in his or her contact information, and the failure to do so may result in dismissal of an action, the entry of default judgment or any other appropriate sanction. Plaintiff failed to provide written notification of his change of contact information after being released from the jail.

Moreover, Plaintiff has not otherwise indicated an intent to prosecute this action.

In considering whether to dismiss a pro se plaintiff's action under Rule 41(b), the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to further participate in his lawsuit impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to prosecute his own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

Third, the defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in touch with the court, monetary sanctions are not practical. Nor are other non-monetary sanctions an option as Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b), and dismissal is also appropriate under Local Rule IA 3-1.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING** Defendants' motion (ECF No. 13) and **DISMISSING** this action **WITHOUT PREJUDICE**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: May 1, 2024

_____
Craig S. Denney
United States Magistrate Judge