UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES C. HOGAN,<br><br>        Plaintiff,<br>    v.<br><br>BRIAN OLVERA, *et al.*,<br><br>        Defendants. | Case No. 3:23-cv-00515-MMD-CSD<br><br>ORDER |

*Pro se* Plaintiff James Hogan submitted a civil rights complaint while in the custody of the Nevada Department of Corrections. (ECF Nos. 1, 1-1.) The Court granted Hogan permission to proceed *in forma pauperis* and screened his complaint, allowing his Fourth Amendment excessive force claims to proceed against Defendants Olvera and Taylor, both of whom Hogan alleges are officers with the Elko Police Department. (ECF No. 4.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney, recommending that the Court grant Defendants' motion (ECF No. 13) to dismiss this action without prejudice because Plaintiff failed to update his address with the Court after his release from the Elko County Detention Center. (ECF No. 19.) Objections to the R&R were due May 15, 2024. (*See id.*) To date, no objections have been filed.[1] For this reason, and as further explained below, the Court adopts the R&R in full, granting Defendants' motion to dismiss (ECF No. 13) and dismissing this action without prejudice.

Because there is no objection, the Court need not conduct de novo review and is satisfied Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d

---

[1]The Court's order directing Plaintiff to update his address (ECF No. 14) and the R&R were among items returned as undeliverable. (ECF Nos. 20, 18, 22.) However, it is Hogan's responsibility to file notification of any change of mailing address. *See* LR IA 3-1.

1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original).

Judge Denney recommends dismissal because Hogan has not updated his contact information following his release from custody and has further failed to attend scheduled case management conferences or otherwise indicate intent to prosecute this action. (ECF No. 19.) *See* Fed. R. Civ. P. 41(b) (permitting dismissal of an action for failure to prosecute or comply with rules or a court order); LR IA 3-1 (requiring a party to immediately file a written notification of any change in contact information); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998) (setting forth factors a court may consider in determining whether to dismiss an action under Rule 41(b)). After Defendants filed an answer in this action (ECF No. 9), the Court set a mandatory case management conference for April 24, 2024 (ECF No. 12). The order setting the case management conference was returned as undeliverable (ECF No. 17) and defense counsel learned that Plaintiff had been released from the Elko County Detention Center (ECF Nos. 13, 13-1). Defendants filed their motion to dismiss (ECF No. 13). The Court then ordered Hogan to file a notice of change of address by April 26, 2024, and to communicate with the courtroom deputy to discuss the mandatory case management conference scheduled for May 1, 2024. (ECF No. 14.) Hogan did not file a notice of change of address, respond to the motion to dismiss, appear at the May 1, 2024, case management conference, or make any other filings. (ECF Nos. 18, 19.) Having reviewed the R&R and the record in this case, the Court thus agrees with Judge Denney that dismissal without prejudice is appropriate and will adopt the R&R in full.

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 19) is accepted and adopted in full.

It is further ordered that Defendants' motion to dismiss (ECF No. 13) is granted.

///

///

It is further ordered that this action is dismissed without prejudice.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 22nd Day of May 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE